Petition denied.

---

*In re* PETITION OF MATTIE RAMSEY

*Order filed May 9, 1984.*

LEGAL ASSISTANT FOUNDATION OF CHICAGO (DEVEREUX BOWLEY, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This matter is before the Court on the petition of Mattie Ramsey for an extension of time to file documents to claim compensation under the Crime Victims Compensation Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act.

On August 27, 1982, we ruled that we were constrained by operation of law to deny the petition on the grounds that too much time had lapsed since the date of the alleged crime. The crime was alleged to have occurred on May 9, 1980. Section 6.1 of the Act (Ill. Rev. Stat. 1983, ch. 70, par. 76.1), provides in pertinent part that a person is entitled to compensation under the Act if:

"(a) within 6 months of the occurrence of the crime he files a notice of intent to file a claim with the Attorney General and within one year of the occurrence of the crime upon which the claim is based, he files an application, under oath with the Court of Claims . . . . Upon good cause shown, the Court of Claims may extend the time for filing the notice of intent to file a claim and application for a period not exceeding one year."

Accordingly, we would only have authority to extend the filing time for a period not to exceed November 9, 1981, for the notice of intent and May 9, 1982, for the application. The notice of intent was submitted to the Attorney General on July 12, 1982, and the petition for the extension of time was filed on July 21, 1982, both dates being beyond our periods of discretion.

The Petitioner requested a hearing to review that decision which is a right provided under section 13.1(3) of the Act. (Ill. Rev. Stat., ch. 70, par. 83.1(3).) The case was assigned to a commissioner of the Court. At his

suggestion the parties elected to file memoranda in lieu of holding a hearing.

The Petitioner's first contention is that she filed her application within 21 months of the date of the crime and thus the Court was mistaken when it stated in the fourth paragraph of the aforementioned order that the application was not tendered. Petitioner attached to her petition as an exhibit a letter from the deputy chief of the Attorney General's crime victims division to the Petitioner which states that the application was received in their Springfield office on February 4, 1982.

Petitioner also argues that this entire case has been fraught with confusion and error not only in regard to its handling by the Court but also the Attorney General's office. The letter referred to above was sent on June 15, 1982. The letter purported to return the application to the Petitioner because it was unsigned. It also stated, "As you sent this application two years after the incident occurred, you must show good cause for the Court of Claims, which handles these matters, to extend this filing deadline". In her memorandum Petitioner stated:

"Claimant submitted her application on February 4, 1982, less than 21 months after the crime. The Attorney General's Office then took more than 5 months to compose a 7 sentence letter to respond to Claimant. To add insult to injury, the letter states that claimant sent her . . . 'application two years after the incident occurred . . .' when in fact only 21 months had gone by, and the remainder of the two year passage of time occurred during the 5 months she waited for his reply."

It is the Petitioner's contention that under these facts the State should be estopped from complaining about delays in this case because it contributed to and encouraged the very delays it complains of.

The Petitioner filed a reply brief which purports to address certain "myopic" and "distorted" views of the facts and case law contained in the State's brief which

Petitioner noted was filed almost two months late. We find it impossible to comment on those arguments because the State apparently neglected to file its brief with the Court (the docket shows no indication of it) and without knowing what was said in the State's brief we cannot make sense out of Petitioner's reply.

After having considered the record we find no error in our order of August 27, 1982. Section 6.1(a) of the Act (quoted above) clearly states that applications for benefits are to be filed under oath with the *Court of Claims*. The statute contains no mention of filing applications with the Attorney General. Neither the docket nor the Court's file contains an application made by the Petitioner here. No mention of one being filed with the Court appears in Petitioner's memorandum or reply brief. It is our conclusion that none was tendered as stated in the previous order. The petition for an extension of time bears the filing stamp of the clerk's office dated July 21, 1982. That date is well beyond the period within which we are authorized to grant an extension of time. Petitioner admitted that her notice of intent was filed beyond the discretionary period.

Petition denied.